UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY ARTIS, #187534,

    Plaintiff,

                                    CIVIL CASE NO. 07-11552
                                    Honorable Paul V. Gadola
                                    Magistrate Judge Mona K. Majzoub

v.

JOSEPH FILIP, et al.,

    Defendants.
_____/

## **ORDER DISMISSING PLAINTIFF'S CIVIL RIGHTS COMPLAINT**

**I.    Introduction**

Plaintiff filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that several governmental officials conspired to prosecute him based upon false evidence and that this governmental misconduct resulted in his civil rights being violated. Plaintiff has also filed a motion to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a)(1). On July 17, 2007, this Court issued an order requiring Plaintiff to show cause why his complaint should not be dismissed pursuant to the "three strikes" provision of 28 U.S.C. § 1915(g). On August 14, 2007, Plaintiff responded to the show cause order and filed a "Motion to Amend and [for] Appointment of Counsel."

**II.    Discussion**

Under the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), the Court may dismiss a case if, on three or more previous occasions, a federal court has dismissed the incarcerated plaintiff's action because it was frivolous or malicious or failed to state a claim for which relief may be granted. 28 U.S.C. § 1915(g) (1996). The Court's database reveals

that Plaintiff has filed at least three prior cases in the United States District Courts for the Eastern and Western Districts of Michigan, which appear to have been dismissed with prejudice under one or more of the parameters set forth under 28 U.S.C. § 1915(g).[1]

Within Plaintiff's responsive pleading to this Court's "Order to Show Cause," Plaintiff completely fails to address this issue, but instead argues the substance of his claim. A plaintiff may maintain a civil action despite having had three or more civil actions dismissed pursuant to 28 U.S.C. § 1915(g) if the prisoner is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To establish that his Complaint falls within the statutory exception to the "three strikes" rule, Plaintiff must have alleged that he was under imminent danger at the time that he sought to file his Complaint and proceed *in forma pauperis*. *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir.1998) (plaintiff sufficiently alleged imminent danger of serious physical injury where he claimed that he was placed near inmates on his enemy list and subject to ongoing danger); *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir.1998) (past body cavity searches failed to establish imminent danger of serious physical injury); *Luedtke v. Bertrand*, 32 F.Supp.2d 1074, 1077 (E.D.Wis.1999) (allegation of past physical injury is insufficient to meet statutory exception).

In this case, Plaintiff fails to allege that he is under "imminent" danger of future harm, but rather generally discusses principles of manifest injustice and First, Fourth, Fifth and Fourteenth Amendment violations. Plaintiff makes no allegations of any specific ongoing physical threats or attacks which would translate into an "imminent danger" set of circumstances. Therefore, his

---

[1] *Artis v. Robitschun, et. al.*, No. 05-CV-00243 (W.D. Mich. Nov. 30, 2005) (Bell, J.) (compliant failed to state a claim and was frivolous); *Artis v. Jackson City, et. al.*, No. 01-CV-70434 (E.D. Mich. March 6, 2001) (Roberts, J) (complaint was frivolous and/or failed to state a claim); *Artis v. Kelley,* No. 95-CV-00344 (W.D. Mich. April 26, 1996) (Bell, J) (complaint was frivolous).

Complaint is subject to dismissal under the "three strikes" provision of 28 U.S.C. § 1915(g).

### III. Conclusion

Plaintiff in this case has filed more than three civil rights complaints with this Court which have been dismissed because the complaints were frivolous or malicious or failed to state a claim upon which relief may be granted; and Plaintiff has failed to demonstrate that this case falls within the "imminent danger" exception to § 1915(g).

**ACCORDINGLY, IT IS HEREBY ORDERED** that Plaintiff's Complaint [docket entry #1] is **DISMISSED** pursuant to 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that Plaintiff's "Application to Proceed Without Prepayment of Fees" [docket entry #2] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion to Amend and [for] Appointment of Counsel [docket entry #6] is **DENIED**.

**IT IS FURTHER ORDERED** that should Plaintiff wish to pursue the allegations contained in his complaint, he must submit payment of the $350.00 filing fee within 30 days from the date of this Order. Upon receipt of the filing fee, the Court will re-open the case and review the complaint to determine whether it should be served or should be summarily dismissed under 28 U.S.C. § 1915A(b).

**SO ORDERED.**

Dated:   June 4, 2008                              s/Paul V. Gadola
                                                   HONORABLE PAUL V. GADOLA
                                                   UNITED STATES DISTRICT JUDGE

| Certificate of Service |
|---|
| I hereby certify that on  June 4, 2008  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: _____, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:            Larry Artis                  .<br><br>                                        s/Ruth A. Brissaud<br>                                        Ruth A. Brissaud, Case Manager<br>                                        (810) 341-7845 |